IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LETICIA MACIAS,<br>ELIZABETH MAGANA ZAMORA,<br>SAN JUANITA SCHNEIDER,<br>ASHLEY NEGRETE, and<br>JUAN CARLOS VASQUEZ,<br>on behalf of themselves and all others<br>similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br>Serve: The Corporation Company, Inc.,<br>112 SW 7th Street, Ste. 3C,<br>Topeka, Kansas 66603,<br><br>and<br><br>MILES LEASING LLC,<br>Serve: Vyacheslav Soyarkov,<br>14889 Hwy J,<br>Hughesville, Missouri 65334,<br><br>and<br><br>UNIFIED GOVERNMENT OF<br>WYANDOTTE COUNTY AND KANSAS<br>CITY, KANSAS,<br>Serve: Clerk of the Unified Government,<br>701 N. 7th Street, Ste. 723,<br>Kansas City, Kansas 66101,<br><br>and<br><br>TERMINAL CONSOLIDATION<br>COMPANY,<br>Serve: The Corporation Company,<br>112 SW 7th Street, Suite 3C,<br>Topeka, Kansas 66603,<br><br>and | Case No.<br><br>Division |

| | |
|---|---|
| **AMINO BROS. CO., LLC** | ) |
| Serve: National Registered Agents Inc. of KS | ) |
| 112 SW 7th Street, Suite 3C, | ) |
| Topeka, Kansas 66603, | ) |
| | ) |
| And | ) |
| | ) |
| **JANE/JOHN DOE CONSTRUCTION** | ) |
| **CORPORATION,** | ) |
| Serve: Unknown location. | ) |
| | ) |
| **Defendants.** | ) |

PLAINTIFFS' CLASS ACTION COMPLAINT AND JURY DEMAND

## INTRODUCTION

1. Plaintiffs bring this class action against BNSF, Miles Leasing LLC, Unified Government of Wyandotte County and Kansas City, Kansas, Terminal Consolidation Company, Amino Bros. Co., LLC, and/or Defendant Jane/John Doe Construction Corporation ("Defendants"). Defendants own and/or operate and/or work on and/or near the land at or about 42nd and Swartz, Kansas City, Kansas 66106, which, due to Defendant's conduct, contributed to the flooding of the during the Summer of 2017 causing material injury to Plaintiffs' property through trespass, negligence, gross negligence, and nuisance.

## PARTIES

2. Plaintiff Leticia Macias is a citizen of Kansas and owns and/or resides at 1101 S. 39th Street, Kansas City, Kansas 66106.

3. Plaintiff Elizabeth Magana Zamora is a citizen of Kansas and owns and/or resides at 1101 S. 38th Street, Kansas City, Kansas 66106.

4. Plaintiff San Juanita Schneider is a citizen of Kansas and owns and/or resides at 1120 S. 38th Street, Kansas City, Kansas 66106.

5. Plaintiff Ashley Negrete is a citizen of Kansas and owns and/or resided at 1116 S. 38th Street, Kansas City, Kansas 66106.

6. Plaintiff Juan Carlos Vasquez is a citizen of Kansas and owns and/or resides at 1110 S. 38th Street, Kansas City, Kansas 66106.

7. Defendant Burlington Northern Santa Fe Railway Company (hereinafter "Defendant BNSF") is a Delaware business corporation with its principal place of business in Fort Worth, Texas. Defendant, its agents, and its predecessors constructed, own, operated and/or maintain the BNSF Argentine Railyard in Kansas City, Kansas.

8. Defendant Miles Leasing, LLC (hereinafter "Defendant Miles Leasing") is a limited liability company with its principal place of business in Hughesville, Missouri. Defendant, its agents and its predecessors constructed, own, operated and/or maintain the lot at 1100 S 42nd Street, Kansas City, Kansas 66106.

9. Defendant Unified Government of Wyandotte County and Kansas City, Kansas (hereinafter "Defendant UG") is a government entity with its principal place of business in Kansas City, Kansas. Defendant, its agents and its predecessors oversee all operations, including those requiring permits, in Kansas City, Kansas.

10. Defendant Terminal Consolidation Company is a Missouri business corporation with its principal place of business in Kansas City, Missouri. Defendant, its agents and its predecessors constructed, own, operated and/or maintain the lot at 4010 Argentine Boulevard Kansas City, Kansas 66106.

11. Defendant Amino Bros. Co, Inc. ((hereinafter "Defendant Amino Brothers or Amino Bros.") is a Kansas business corporation with its principal place of business in Kansas

City, Kansas. Defendant, its agents and its predecessors did business on and/or around the lot located at 1100 S. 42nd Street, Kansas City, Kansas 66106.

12. Defendant Jane/John Doe Construction Corporation is a potential and/or unknown business corporation with its principal place of business in an unknown location. Defendant, its agents and its predecessors potentially and/or possibly did business on and/or around the BNSF Argentine Railyard and/or the lots south of it.

13. At all relevant times herein, Defendants, their agents and their predecessors did and do business in Kansas City, Kansas, and/or in Kansas. There existed and exists a unity of interest and ownership between each Defendant its agents and predecessors, such that any individuality and separateness between them has ceased, and each such entity is the alter ego of each other entity.

## JURISDICTION AND VENUE

14. This Court has jurisdiction under 28 U.S.C. §1332(a) and/or §1332(d). Jurisdiction is proper because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this is an action between citizens of different states whereby there is complete diversity of parties, and the members of the class are citizens of a different state than Defendants.

15. Venue is proper in this Court under 28 U.S.C. 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place in this District, and because the property that is the subject of this action is situated in this District.

## GENERAL ALLEGATIONS

16. At all pertinent times referred to herein, Plaintiffs were owners and/or residents and are owners and/or residents of, in possession of and residing on certain tracts of land located in the Argentine Neighborhood of Kansas City, Kansas.

17. At all pertinent times referred to herein, Defendant BNSF Railway Company (hereinafter sometimes "BNSF") has operated and maintained and continues to operate and maintain a rail yard which lies directly north of the Plaintiffs' properties.

18. BNSF is incorporated in Delaware, has its headquarters in Fort Worth, Texas and carries on substantial rail operations in Kansas.

19. At all pertinent times referred to herein, Defendant Miles Leasing LLC (hereinafter sometimes "Miles Leasing") has operated and maintained and continues to operate and maintain a vacant lot west of the Plaintiffs' properties located at or about 1100 S 42nd St., Kansas City, Kansas 66106.

20. Miles Leasing LLC is limited liability company in Missouri and carries on substantial operations in Kansas.

21. At all pertinent times referred to herein, Defendant Unified Government of Wyandotte County and Kansas City, Kansas (hereinafter sometimes "UG" or "the UG") has oversight and continues to have oversight regarding all operations which require city permits.

22. At all pertinent times referred to herein, Defendant Terminal Consolidation Company has operated and maintained and continues to operate and maintain a terminal which lies directly north of the Plaintiffs' properties.

23. Terminal Consolidation Company is a Missouri business corporation that carries on substantial operations in Kansas.

24. At all pertinent times referred to herein, Defendant Amino Bros. Co., LLC (hereinafter sometimes "Amino Bros") has operated and maintained and continues to operate and maintain a contracting business in Kansas City, Kansas.

25. Amino Bros. Co., LLC is a business corporation that carries on substantial operations in Kansas.

26. On recurrent and intermittent occasions, Plaintiffs' property including Plaintiffs' neighborhoods, residences and yards have been invaded by flood waters.

27. The flood waters which entered Plaintiffs' property was a result, inter alia, of a clogged drainage creek located about ¼ of a mile west of the Plaintiff's property, running east and west along Swartz Road.

28. Upon information and belief, Plaintiffs' believe debris caused by Defendants clogged the drainage creek, diverting waters from heavy rain onto their properties and into their homes.

29. In the past year alone, Defendant's actions have been the subject of and/or engaged in substantial clean-up and rehabilitation of the residential area and/or nearby the Plaintiffs' properties that could have been undertaken well before this time period.

30. The flooding experienced by area residents constitute an unfit living conditions that no reasonable person should be expected to endure.

31. Among the problems and issues that P's have been forced to deal with is the persistent problems stemming from water damage and/or anything in the water to their homes. This includes but is not limited to the loss of use and enjoyment of their property.

32. In response to the Plaintiffs' complaints regarding the flooding of their homes, the debris from the creek was cleared by Defendants.

33. The invasion of Plaintiffs' property by flood waters has caused Plaintiffs to suffer injuries including but not limited to property damage and exposure to contaminated water.

34. The invasion of Plaintiffs' property by flood waters has interfered with Plaintiffs' uses and enjoyment of their property, resulting in damages in excess of $75,000.00.

35. Defendants intentionally, recklessly, willfully, wantonly, maliciously, grossly and negligently failed to construct, maintain and/or operate their business and/or property without causing build up in the drainage creek, and caused the invasion of Plaintiffs' property by flood waters on intermittent and reoccurring dates.

36. Defendants are vicariously liable for all damages suffered by Plaintiffs, caused by Defendant's employees, representatives and agents, who, during the course and scope of their employment, allowed or failed to correct the problem(s) which caused flood waters to physically invade Plaintiffs' property.

## CLASS ACTION ALLEGATIONS

### A. Definition of the Class

37. Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Federal Rules of Civil Procedure 23(b)(2) and/or 23(b)(3). Plaintiffs seek to represent a Class of persons preliminarily defined as:

> **All owner/occupants and renters of residential property south of the BNSF Argentine Railyard at any point between June 1, 2016 and the present.**

Excluded from the Class are Defendants and their affiliates, predecessors, successors, officers, directors, agents, servants, or employees, and the immediate family members of such persons. Plaintiffs reserve the right to modify the class definition and/or propose one or more subclasses if discovery reveals such modifications are appropriate.

**B.     Numerosity**

38. There are numerous of owner/occupants and/or renters within the proposed class area. Accordingly, the members of the Class are so numerous that joinder of all parties is impracticable.

**C.     Commonality**

39. Numerous common questions of law and fact predominate over any individual questions affecting Class members, including, but not limited to the following:

    a. whether and how Defendants intentionally, recklessly, willfully, wantonly, maliciously, grossly and/or negligently failed to construct, maintain and/or operate the railyard and the land south of it;

    b. whether Defendants owed any duties to Plaintiffs;

    c. which duties Defendants owed to Plaintiffs;

    d. the way in which the effects of the negligence was dispersed over the class area;

    e. whether it was reasonably foreseeable that Defendants' failure to properly construct, maintain and/or operate the railyard and the area south of it would result in an invasion of Plaintiffs' possessory interests;

    f. whether the degree of harm suffered by Plaintiffs and the class constitutes a substantial annoyance or interference; and

    g. the proper measure of damages incurred by Plaintiffs and the Class.

**D.     Typicality**

40. Plaintiffs have the same interests in this matter as all the other members of the Class, and their claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class member would require proof of many of the same

material and substantive facts, rely upon the same legal theories and seek the same type of relief.

41. The claims of Plaintiffs and the other Class members have a common origin and share a common basis. The claims originate from the same failure of the Defendants to properly construct, maintain and/or operate the railyard and the area south of it.

42. All Class members have suffered injury in fact resulting in the loss of property value by reason of Defendants' failure to properly construct, maintain and/or operate the railyard and the area south of it.

**E.     Adequacy of Representation**

43. Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

44. Plaintiffs have retained the services of counsel, who are experienced in complex class action litigation. Plaintiffs' counsel will adequately prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class members.

**F.     Class Treatment Is the Superior Method of Adjudication**

45. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

   a. Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

d. The proposed class action is manageable.

## COUNT I – TRESPASS (against all Defendants)

46. Plaintiffs hereby incorporate the foregoing and succeeding paragraphs as set forth fully herein.

47. Defendant unreasonably interfered with the flow of water from rain through the creek, causing the flooding of the area south of the railyard, causing great harm to the Plaintiffs.

48. The actions of BNSF filling the creek up with debris were unreasonable.

49. By reasons of the acts and conduct of the Defendant, the Plaintiffs have suffered damages to land, property, lost use of property, inconvenience and discomfort.

50. Specifically, Defendant BNSF knowingly dumped debris in the creek that flows between south of the railyard and north of the Plaintiff's property, willfully and wantonly, blocking the flow of rainwater which caused the area to flood and ultimately resulted in damages to the Plaintiffs'' properties. This was done by Defendant BNSF knowingly, willfully and wantonly, disregarding the rights and interests of the Plaintiffs with a cavalier knowledge of protecting itself to the detriment of its neighbors, the Plaintiffs.

## COUNT II – PUBLIC AND PRIVATE NUSIANCE (against all Defendants)

51. Plaintiffs hereby incorporate the foregoing and succeeding paragraphs as set forth fully herein.

52. Defendant BNSF knowingly caused and diverted rain water onto the property of the Plaintiffs.

53. Plaintiffs are entitled to reasonable enjoyment and possession of their residential property.

54. Defendants have caused direct injury to Plaintiffs' property which has substantially prevented Plaintiffs from their reasonable enjoyment and use of their personal and real property.

55. The flood waters invading Plaintiffs' property obstruct the free use of their property so as to substantially and unreasonably interfere with the comfortable enjoyment of life and/or property, including in but not limited to following ways:

    a. Causing Plaintiffs to evacuate and forego use of their homes and yards;
    b. Causing exterior and interior damage to the Plaintiffs' homes;
    c. Causing Plaintiffs financial hardship by having to repair their homes in addition to make housing accommodations for themselves while the homes were made livable again;

56. Defendants were capable of and owed a duty to Plaintiffs to properly dispose of the debris in an area other than the creek which would not cause the neighborhood and Plaintiffs' properties to flood, but they did not do so. Their failure to properly dispose of the debris caused injury to Plaintiffs properties and interfered with Plaintiffs' reasonable use and enjoyment of their property.

57. The actions of Defendants were unreasonable.

58. As a foreseeable, substantial, direct and proximate result of the foregoing conduct of Defendants, Plaintiffs have suffered actual loss to their personal, and real property.

59. Plaintiffs did not consent for flood waters to enter and settle upon their land and property.

60. By causing flood waters caused by Defendants to physically invade Plaintiffs' land and property, Defendants intentionally, recklessly, and negligently created a nuisance which substantially and unreasonably interfered with Plaintiffs' use and enjoyment of their property.

61. Whatever social utility Defendants' landfill provides is clearly outweighed by the harm suffered by the Plaintiffs and the putative class, who have on frequent occasions been deprived of the full use and enjoyment of their properties and have been forced to endure substantial loss in the value of their properties.

62. Defendants' substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a nuisance for which Defendants are liable to Plaintiffs for all damages arising from such nuisance, including compensatory, exemplary, injunctive and punitive relief since Defendants' actions were, and continue to be, intentional, willful, malicious and made with a conscious disregard for the rights of Plaintiffs, entitling Plaintiffs to compensatory and punitive damages.

**COUNT III – NEGLIGENCE/GROSS NEGLIGENCE (against all Defendants)**

63. Plaintiffs hereby incorporate the foregoing and succeeding paragraphs as set forth fully herein.

64. On numerous occasions, Defendants negligently and improperly constructed, maintained and/or conducted business on the land north of the drainage creek such that it caused the drainage creek to become clogged and flood waters to enter onto the Plaintiff's homes, land and property.

65. As a direct, foreseeable, substantial, and proximate results of Defendants' negligence and gross negligence in constructing, maintaining, and/or operating their businesses, Plaintiffs' property, on numerous occasions, was invaded by flood waters.

66. As a further direct and proximate result of the foregoing conduct of the Defendants, Plaintiffs suffered damages to their property as alleged herein.

67. The invasion and subsequent damages suffered by Plaintiffs were reasonably foreseeable by the Defendants, who were or should have been aware of the risks associated with their conduct.

68. By failing to properly construct, maintain and/or operate its businesses, Defendants failed to exercise its duty of ordinary care and diligence so that debris would not clog the drainage creek and flood waters would not invade Plaintiffs' property.

69. A properly constructed, operated and maintained business will not allow debris from their operation to clog a drainage creek and flood waters to enter into neighboring residential areas.

70. By failing to construct, maintain, and/or operate its businesses, Defendant has intentionally caused the invasion of Plaintiffs' property by flood waters.

71. Defendants knowingly breached its duty to exercise ordinary care and diligence when it improperly constructed, maintained and/or operated its business and knew, or should

have known upon reasonable inspection that such actions would cause Plaintiffs' property to be invaded by flood water.

72. As a direct, foreseeable, substantial, and proximate result of the failure of Defendants to exercise ordinary care, Plaintiffs' residences were invaded by flood water.

73. The conduct of Defendants in knowingly allowing conditions to exist which caused flood waters to physically invade Plaintiffs' property constitutes gross negligence as it demonstrates a substantial lack of concern for whether an injury resulted to Plaintiffs.

74. Defendants' gross negligence was malicious and made with a wanton or reckless disregard for the lives, safety or property of Plaintiffs, which entitles Plaintiffs to an award of compensatory, exemplary, and punitive relief.

**COUNT IV – INVERSE CONDEMNATION (against UG and BNSF)**

75. Plaintiffs hereby incorporate the foregoing and succeeding paragraphs as set forth fully herein.

76. Defendants UG and BNSF have certain powers of eminent domain which must be strictly and appropriately exercised, and both have failed to do so for the class and people affected in this action.

77. The actions of Defendants UG and BNSF constitute a taking of private property for the public use without compliance of any applicable law, and certainly without just compensation.

78. Plaintiffs' properties suffered, and may continue to suffer, a significant diminution of value due to the action of Defendants UG and BNSF, its agents or assigns, from the work done at and/or nearby Plaintiffs' properties.

79. The actions of Defendants UG and BNSF for the work done at and/or nearby Plaintiffs'

properties constitute a permanent and continuing deprivation of Plaintiffs' property rights.

80. Defendants UG and BNSF, by hiring and/or failing to properly supervise any agent and/or employee tasked with performing work at and/or nearby Plaintiffs' properties thereby took Plaintiffs' properties, in whole and/or part, and at a minimum substantially affecting and/or interfering with Plaintiffs' property rights, without any, let alone just, compensation.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, request for judgment as follows:

A. Certification of the proposed Class pursuant to Federal Rule of Civil Procedure 23;

B. Designation of Plaintiffs as representative of the proposed Class and designation of their counsel as Class counsel;

C. Judgment in favor of Plaintiffs and the Class members and against Defendants;

D. Award Plaintiffs and the Class members compensatory, special, and punitive damages, and attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E. An Order holding that entrance of the aforementioned flooding upon Plaintiffs' property constituted a nuisance;

F. Such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand their Constitutional Right to Jury Trial under Federal Rule of Civil Procedure 38(b).

Dated: June 13, 2019				**Respectfully submitted,**

						**CROSS LAW FIRM, LLC**

						<u>By: /s/ Gerald Lee Cross, Jr.</u>
						Gerald Lee Cross, Jr. (Kan. 23573)
						8000 Foster Street
						Overland Park, Kansas 66204
						Office Tel: (913) 236-5297
						Fax: (913) 904-1650
						lcross@cross-lawfirm.com
						***ATTORNEY FOR PLAINTIFFS***