# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Leticia Macias,
Elizabeth Magana Zamora,
San Juanita Schneider, Ashley Negrete,
and Juan Carlos Vasquez,
on behalf of themselves and all others
similarly situated,

           **Plaintiffs,**

v.                                                       Case No. 19-cv-2305-JWL

BNSF Railway Company; Miles Leasing, LLC;
Unified Government of Wyandotte County and
Kansas City, Kansas; Terminal Consolidation Co.;
Amino Bros. Co., Inc.; and Jane/John Doe
Construction Companies,

           **Defendants.**

## MEMORANDUM AND ORDER

On February 6, 2020, the court ordered plaintiffs to show cause why the court should not dismiss plaintiffs' amended complaint against all defendants for lack of subject matter jurisdiction based on plaintiffs' failure to plead that they have satisfied the notice requirements of the Kansas Tort Claims Act and plaintiffs' failure to plead sufficient facts from which CAFA jurisdiction might be inferred. In that order, the court also advised plaintiffs to cure the facially overbroad class definition set forth in their amended complaint. Finally, the court directed plaintiffs to attach to their response any proposed amended complaint that plaintiffs would intend to file if the court accepted their response to the show cause order.

In paragraph 30 of their response to the show cause order, plaintiffs have articulated a theory of damages in excess of $5,000,000. *See* 28 U.S.C. § 1332(d) (district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant"). In paragraph 31 of their response to the show cause order, plaintiffs have attempted to explain why they believe that the putative class has approximately 150 members. *See id.* § 1332(d)(5)(B) (CAFA does not apply if "the number of members of all proposed plaintiff classes in the aggregate is less than 100").[1]

Nonetheless, while plaintiffs have at least articulated a theory as to why CAFA jurisdiction is appropriate in this case, they have totally failed to include any of those allegations in the proposed third amended complaint attached to their response nor included any other facts from which CAFA jurisdiction may be inferred. They have further failed to plead (and have failed to mention in their response to the show cause order) that they have satisfied the notice requirements of the Kansas Tort Claims Act and have failed to amend the class definition in any way.[2] In fact, the proposed amended complaint attached to their response is identical to the one attached to their motion for leave to file an amended complaint that the court flatly rejected based on the deficiencies outlined in the order to show cause. The decision by plaintiffs' counsel to submit the same deficient draft of plaintiffs' complaint is frustrating to the court and an incredibly inefficient way to process the claims of his clients. Nonetheless, to ensure that plaintiffs are not unduly

---

[1] The remainder of plaintiffs' response is devoted to arguing against CAFA exceptions that defendants have not asserted in the first instance.

[2] Other documents in the record reflect that the notice requirements of the KTCA may have been satisfied. Nonetheless, plaintiffs must plead these facts.

prejudiced by their counsel's failure to abide by the court's order, the court will permit plaintiff to file a third amended complaint on or before Wednesday, March 18, 2020. Plaintiff's counsel is strongly advised to include in that third amended complaint sufficient facts from which CAFA jurisdiction may be inferred and facts indicating that the notice requirements of the KTCA have been satisfied—information which should be readily available to plaintiffs and not at all onerous to include in their third amended complaint. Defendants may challenge the third amended complaint as they deem appropriate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs shall file their third amended complaint on or before **Wednesday, March 18, 2020**.

**IT IS SO ORDERED.**

Dated this 3rd day of March, 2020, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
