In the United States District Court
For the District of Kansas

| | |
|---|---|
| Leticia Macias, et al, )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>BNSF, et al, )<br>)<br>    Defendants. )<br>_____) | Case No. 2:19-cv-02305-JWL-GEB |

## Defendant Unified Government of Wyandotte County/Kansas City, Kansas' Response in Opposition to Plaintiffs' Motion for Leave to Amend Complaint

The defendant, Unified Government of Wyandotte County/Kansas City, Kansas, submits this memorandum in opposition to Plaintiffs' Motion for Leave to Amend Complaint (Doc. 115) and Plaintiffs' amended complaint (Doc. 115-1) because: (1) the motion is untimely as it was filed after the deadline in the Scheduling Order; (2) the motion follows undue delay by the Plaintiffs to include known information in their previous complaints; (3) the amendment fails to cure deficiencies raised in the Unified Government's motion to dismiss and memorandum in support (Docs. 91 and 92), by other defendants, and even by the Court; (4) the amendment is futile as it would be subject to dismissal in a subsequent motion to dismiss; and (5) allowing the amendment would result in undue prejudice to the Unified Government, as well as other defendants, awaiting the Court's ruling on their motions to dismiss the Third Amended Complaint.

## Introduction

1

Although Plaintiffs' motion requests leave to file a fourth amended complaint, it is really Plaintiffs' eighth attempt to present a plausible complaint. The following list is a summary of Plaintiffs' filings in that regard:

- Original complaint (Doc. 1)

- First amended complaint (Doc. 2)

- Second amended complaint (Doc. 47-1) – not filed with the Court and considered inoperative

- Third amended complaint (Doc. 68-1) – rendered moot by Plaintiffs' subsequent filing

- Amended Third amended complaint (Doc. 76-1) – rejected by the Court in its Order to show cause (Doc. 80)

- Third amended complaint (Doc. 83-1) – rejected by the Court in its Memorandum and Order (Doc. 88)

- Third amended complaint (Doc. 89)

- Fourth amended complaint (Doc. 115-1)

Despite these numerous attempts Plaintiffs have still failed to correct deficiencies identified by the Unified Government, other defendants, and the Court. After the Court rejected the previous two amendments (Docs. 76-1 and 83-1), Plaintiffs should have marshaled their efforts to present their best case in the Third Amended Complaint that was filed just over two months ago, before the coronavirus stay-at-home orders. Instead, after four defendants have filed motions to dismiss, Plaintiffs have filed their responses to those motions, and defendants have filed their replies, Plaintiffs now seek leave to file yet another amended complaint. None of the arguments against the third amended complaint were new; all of the

arguments had been raised by defendants in previous filings. And the amendment does not contain information that could not have been included in Plaintiffs' previous complaint.

Nevertheless, the amendment still fails to plead the mandatory condition precedent of filing a notice of claim with the Unified Government; the amendment does not state plausible facts from which the Court could reasonably infer that the plaintiffs class or the defendants class will involve at least 100 members, or that the amount in controversy bears a reasonable relation to $5,000,000.00; and the amendment does not correct the failure to state a plausible claim against the Unified Government in any of the causes of action.

## Argument

Fed.R.Civ.P. 16 and Fed.R.Civ.P. 15 provide the circumstances in which a motion to amend may be granted or denied. Plaintiffs' motion should be denied because does not meet the standards imposed by either of these rules.

### I. Rule 16 - Plaintiffs' motion should be denied because it is outside the deadline established in the Scheduling Order and there is not good cause to modify the Order.

The Court's Scheduling Order set a deadline of January 7, 2020 for Plaintiffs to file any motion to amend their complaint. Doc. 56 at 7 (¶ 3(b)). Plaintiffs' motion is certainly outside that deadline.

Rule 16(b)(4), allows a scheduling order to be modified for good cause, however, "good cause" depends upon the "diligence of the party seeking the amendment." *Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D. Kan.

3

1995). That is, "[t]he party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline." *Id.*

Plaintiffs have not met this burden of good faith. Plaintiffs have not set forth why the changes in the amendment could not have been included in the Third Amended Complaint. On the other hand, Plaintiffs' previous filings and the Rule 26 disclosures attached to the Unified Government's motion to dismiss (Docs 86-1 and 86-2) show that the amendment contains information that was either known or should have been known with the exercise of due diligence when the Third Amended Complaint was filed. Because Plaintiffs have failed to show good cause to modify the deadline for filing a motion to amend, their motion should be denied.

## II.   Rule 15 – Plaintiffs' motion should be denied because it has been filed after undue delay and repeated failure to cure deficiencies, allowance would be futile, and it would cause undue prejudice.

In accordance with Rule 15(a)(2), leave to amend a complaint should be freely given "[i]n the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962).

### A.   Plaintiffs' motion should be denied because it has been filed after undue delay.

If an opposing party makes a claim of undue delay, a court in the 10th Circuit "focuses primarily on the reasons for delay." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Leave to amend may then be denied "where the

4

moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Id. (*quoting *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987)).

Plaintiffs' amendment is not based upon any new facts. A review of previous filings reveals that any new allegations in Plaintiffs amendment are based upon information of which Plaintiffs were well aware at the time they filed their Third Amended Complaint. *See* Docs. 86-1 and 86-2. Because Plaintiffs' motion has been filed after undue delay, their motion should be denied.

### B.   Plaintiffs' motion should be denied because the amendment does not cure previously identified deficiencies.

Plaintiffs' amendment perpetuates deficiencies that have been identified by the Court in previous orders. Specifically, the amendment does not allege mandatory conditions precedent and fails to provide plausible allegations from which the Court could conclude that the class action requirements of CAFA will be satisfied. Although the amendment would finally identify a southern boundary for the plaintiff class, that change is too little, too late.

First, Plaintiffs have not provided any rationale for a southern boundary that "extends to approximately five-hundred feet south of Strong Avenue" Doc. 115-1 at 15-16 (¶72). None of the named plaintiffs live south of Argentine Boulevard. Further highlighting the ad hoc nature of this boundary, Plaintiffs maintain the eastern boundary of Clopper Field which has its southern boundary at Powell Avenue, one block north of Strong Avenue. *Id.* Neither Strong Avenue nor any of the streets south of it abut Clopper Field. Doc. 115-2. Consequently, if Plaintiffs' amendment is

5

allowed, the defendants and the Court would be operating without a large part an eastern boundary for the plaintiff class.

Second, despite identifying a southern boundary that would extend approximately three blocks south of Argentine Boulevard, to Metropolitan Avenue, Plaintiffs' maintain their previous claim that "approximately fifty-eight (58, maybe more or less) homes were affected." Doc. 115-1 at 22 (¶ 105); Doc. 83 at 6 (¶ 30). Similarly, Plaintiffs maintain their previous claim that "the putative class has about 150 members using U.S. Census Data." Doc. 115-1 at 22 (¶ 104); Doc. 83 at 6 (¶ 31). It is still unclear how Plaintiffs arrive at their claim that the class would (still) maintain 150 members, particularly if Plaintiffs are using simple division based upon general Kansas City, Kansas' housing statistics rather than data for the specific geographic area identified in the class definition. Doc. 115-1 at 22 - 23 (¶ 104 and 106).

Third, Plaintiffs are using a class definition of owners, occupants, residents, and renters "at any point between June 1, 2016 and the present" even though the flooding alleged in the complaint occurred "from on or about June 2017 through August 2017." Doc. 115-1 at 8 (¶ 32). It is unclear from Plaintiffs' allegations how many plaintiffs may have experienced flooding during those three months.

Fourth, Plaintiffs have not included any plausible allegation that the number of members in the defendants class will meet the CAFA requirement.

Fifth, Plaintiffs' have not stated any plausible allegation that the divergent causes of action and economic injuries allegedly incurred by the various types of

plaintiffs (e.g. landowner, renter, etc.) would result in at least $5,000,000 in damages for CAFA jurisdiction.

Because Plaintiffs' amendment does not cure previously identified jurisdictional deficiencies, their motion should be denied.

### C.   Plaintiffs' motion should be denied as futile.

The court may deny leave to amend a complaint when the amendment would obviously be futile. *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 2028 (10th Cir. 1992). "If the denial rests on articulated reasons such as failure to cure deficiencies by previous amendments or futility of amendment, the district court's decision shall stand." *Id.* A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015); *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997). Plaintiffs' amendment is futile because it suffers from the same flaws as previous complaints – it does not cure jurisdictional deficiencies and fails to state a plausible cause of action against the Unified Government.

Plaintiffs have consistently relied on a "unity of interest" theory to support their claims for trespass, nuisance, and negligence that defies common-sense and is not plausible on its face. *See* Doc 115-1 at 5 (¶ 16). As noted before, the Unified Government does not own land in the area that Plaintiffs have identified as the cause of the flooding nor have Plaintiffs' identified any act committed by the Unified Government that would have "interfered with the flow of water from rain through the creek," "knowingly dumped debris in the creek," or "knowingly caused and

7

diverted rain water onto the property of the Plaintiffs." Doc. 115-1 at 25-26 (¶ 112, 115, 117).

While Plaintiffs' amendment does include various new allegations regarding sewer drains and gates, these claims are tentatively offered upon "information and belief," should have been included in the previous complaint[1], and fail to explain how they relate to flooding from the creeks that have been Plaintiffs' theory of causation since the original complaint.

Finally, the amendment still fails to allege the elements necessary for an inverse condemnation claim by identifying a public improvement project that affected Plaintiffs' interests in real property to the extent that it constituted a taking.

### D.   Plaintiffs' motion should be denied because it would result in undue prejudice.

This motion represents the third time Plaintiffs have sought leave to amend a complaint that, if granted, would render defendants' dispositive or opposing filings moot.  The Unified Government as well as other defendants, would be unduly prejudiced if, yet again, Plaintiffs are allowed to file an amended complaint that would nullify arguments that have been extensively briefed and filed in good faith.

## Conclusion

Plaintiffs' motion should be denied because it is an untimely continuation of previous omissions and deficiencies filed after the deadline in the Scheduling order.

---

[1] *See* Plaintiffs' Second Amended Rule 26 Initial Disclosures (Doc. 86-1 at 1-4 (¶ 1a, 1b, 1c, and 1j)) and Plaintiffs' Third Amended Rule 26 Initial Disclosures (Doc. 86-2 at 1-4 (¶ 1a, 1b, 1c, and 1j)).

This follows an undue delay for which Plaintiffs have not provided an explanation – that is, why allegations in the amendment could not have been included in their Third Amended Complaint. The motion should further be denied because the amendment fails to cure deficiencies, is futile and allowance would result in undue prejudice.

        Respectfully submitted,

        <u>/s/ Daniel E. Kuhn</u>

        Daniel E. Kuhn #20429
        Susan Alig #25158
        Unified Government of Wyandotte County/
        Kansas City, Kansas
        Legal Department
        Municipal Office Building
        701 N 7th Street, Ste. 961
        Kansas City, Kansas 66101
        (913) 573-5060
        (913) 573-5243 (facsimile)
        Email: dkuhn@wycokck.org
                salig@wycokck.org
        *Attorneys for Defendant Unified Government of Wyandotte County/Kansas City, Kansas*

## Certificate of Service

I certify that on June 2, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Gerald Lee Cross, Attorney for Plaintiffs

Jennifer B. Wieland, Carson M. Hinderks and Thomas P. Schult, Attorneys for Defendant BNSF Railway Company

9

```
```
Jeffrey A. Bullins and Ellen C.T. Mathis, Attorney for Defendant Amino Bros. Company, LLC

John E. Patterson, Angela M. Higgins and Shawn M. Rogers, Attorneys for Defendant Terminal Consolidation Company

John E. Patterson and Shawn M. Rogers for Defendant Nickell Properties, LLC

                                                  <u>s/Daniel E. Kuhn</u>
                                                  Daniel Kuhn