## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LETICIA MACIAS, *et al.,*      )
            )
          Plaintiffs,    )
             )
v.                    )     Case No. 19-cv-2305-TC-GEB
             )
BNSF RAILWAY COMPANY, *et al.*,  )
             )
         Defendants.  )

### <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiffs' Motion for Mediation (ECF No. 207) and Motion to Amend (ECF No. 208). In the former, Plaintiffs seek an order requiring the parties to mediate. In the latter, Plaintiffs seek leave to file a Fifth Amended Class Action Complaint. Defendants BNSF Railway ("BNSF") and the Unified Government of Wyandotte County/Kansas City, Kansas ("the Unified Government") oppose the motion for mediation,[1] and all Defendants oppose the motion to amend.[2] For the reasons set forth below, the Court will deny both motions.

### <u>Background Information</u>

On June 13, 2019, Plaintiffs Leticia Macias, Elizabeth Magana Zamora, San Juanita Schneider, Ashley Negrete, and Juan Carlos Vasquez filed a complaint on their

---

[1] *See* BNSF's Response to Plaintiffs' Motion for Mediation (ECF No. 219); Defendant Unified Government of Wyandotte County/Kansas City, Kansas' Response in Opposition to Plaintiffs' Motion for Mediation (ECF No. 221).

[2] *See* BNSF's Response to Plaintiffs' Motion for Leave to File Fifth Amended Complaint (ECF No. 218); Defendant Unified Government of Wyandotte County/Kansas City, Kansas' Response in Opposition to Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 220); Defendant Miles Leasing, LLC's Memorandum in Opposition to Plaintiffs' Motion for Leave to File a Fifth Amended Complaint (ECF No. 222).

own behalf and on behalf of similarly situated persons against Defendants BNSF, Miles

Leasing, LLC, the Unified Government, Terminal Consolidation Company, Amino Bros.

Co, LLC, and Jane/John Doe Construction Company. The complaint alleged Defendants'

conduct contributed to flooding between June and August 2017 in the Argentine

neighborhood in Kansas City, Kansas, causing material injury to Plaintiffs' property

through trespass, public and private nuisance, negligence, and gross negligence. The

complaint also alleged inverse condemnation against BNSF and the Unified

Government.[3] The Unified Government filed a motion to dismiss,[4] to which Plaintiffs

responded, and on July 18, 2019 Plaintiffs filed an Amended Complaint that named the

same Defendants and asserted the same causes of action.[5]

On October 10, 2019, the undersigned conducted a Scheduling Conference in this

case. Based on discussions with counsel, the Court continued the Scheduling Conference

for four weeks to permit the parties time to more thoroughly discuss their respective

theories of the case and make amendments to their Fed. R. Civ. P. 26(a)(1) initial

disclosures.[6] On November 19, 2019, Plaintiffs filed a motion seeking leave to file a

Second Amended Complaint with the following explanation: "Pursuant to the scheduling

conference held on October 10, 2019, and based on statements of counsel that they have

no idea what the above captioned matter is about, Plaintiffs have agreed to amend their

---

[3] *See* ECF No. 1.
[4] *See* ECF No. 14.
[5] *See* ECF No. 20. District Judge Lungstrum thereafter denied the Unified Government's motion to dismiss as moot. ECF No. 21.
[6] *See* ECF No. 44.

complaint in order to paint a clearer picture of the facts at issue in this matter for the Defendants."[7]  During the continued Scheduling Conference on November 26, 2019, Defendants advised they did not oppose Plaintiffs filing their proposed Second Amended Complaint, and it was deemed filed as of that date.[8]  The pleading added a new Defendant, Nickell Properties, LLC, and for the first time distinguished between alleged injuries to property west of the drainage creek from alleged injuries to property east of the creek.[9]

On November 27, 2019, the Court issued a Phase I Scheduling Order.[10]  The order set January 7, 2020 as the deadline for any motion for leave to join additional parties or to otherwise amend the pleadings, and set June 7, 2020 as the close of discovery related to whether a class should be certified. On December 10, 2019, the Unified Government filed a motion to dismiss the Second Amended Complaint.[11]  Plaintiffs did not respond to the motion but on January 7, 2020, Plaintiffs moved to file a Third Amended Complaint, explaining they "would like to amend their Complaint to add in two additional Plaintiffs and add language that better illustrates Plaintiffs' claims against Defendants."[12]  BNSF and the Unified Government opposed the motion, but on different grounds.[13]  On January 31, 2020, Plaintiffs filed an Amended Motion for Leave to file a Third Amended

---

[7]  ECF No. 47 at 2.
[8]  *See* ECF No. 54.
[9]  ECF No. 47-1 ¶¶ 31-34.
[10]  ECF No. 56. "Phase I" refers to pretrial proceedings up to and including the motion for class certification. If a class is certified, the Court will convene a conference and enter a Phase II Scheduling Order.
[11]  ECF No. 60.
[12]  ECF No. 68 at 2.
[13]  *See* ECF Nos. 71, 72.

Complaint, this time omitting from the proposed amended pleading certain allegations copied from the Second Amended Complaint that BNSF contended were in violation of Fed. R. Civ. P. 11.[14]

On February 6, 2020, Judge Lungstrum issued an order for Plaintiffs to show cause why he should not dismiss Plaintiffs' amended complaint against all Defendants for lack of subject matter jurisdiction based on Plaintiffs' failure to plead that they have satisfied the notice requirements of the Kansas Tort Claims Act and Plaintiffs' failure to plead sufficient facts from which Class Action Fairness Act ("CAFA")[15] jurisdiction might be inferred.[16]  In his order dated March 3, 2020 that ruled on the issue, Judge Lungstrum found Plaintiffs' response to the show cause order had sufficiently alleged facts in support of subject matter jurisdiction.[17]  His order continued as follows:

> Nonetheless, while Plaintiffs have at least articulated a theory as to why CAFA jurisdiction is appropriate in this case, they have totally failed to include any of those allegations in the proposed third amended complaint attached to their response nor included any other facts from which CAFA jurisdiction may be inferred. They have further failed to plead (and have failed to mention in their response to the show cause order) that they have satisfied the notice requirements of the Kansas Tort Claims Act and have failed to amend the class definition in any way. In fact, the proposed amended complaint attached to their response is identical to the one attached to their motion for leave to file an amended complaint that the court flatly rejected based on the deficiencies outlined in the order to show cause. The decision by plaintiffs' counsel to submit the same deficient draft of plaintiffs' complaint is frustrating to the court and an incredibly inefficient way to process the claims of his clients. Nonetheless, to ensure that plaintiffs are not unduly prejudiced by

---

[14] ECF No. 76.
[15] Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.
[16] ECF No. 80.
[17] ECF No. 88.

4

their counsel's failure to abide by the court's order, the court will permit plaintiff to file a third amended complaint on or before Wednesday, March 18, 2020. Plaintiff's counsel is strongly advised to include in that third amended complaint sufficient facts from which CAFA jurisdiction may be inferred and facts indicating that the notice requirements of the KTCA have been satisfied— information which should be readily available to plaintiffs and not at all onerous to include in their third amended complaint. Defendants may challenge the third amended complaint as they deem appropriate.[18]

On March 18, 2020, Plaintiffs filed their Third Amended Complaint.[19] The Unified Government, BNSF, Terminal Consolidation Company, and Nickell Properties all filed motions to dismiss.[20] On April 3, 2020, the parties filed a joint motion seeking to extend discovery and other deadlines – but not the already-expired deadline to amend pleadings or join parties – due to restrictions resulting from the evolving Covid-19 pandemic.[21] The undersigned granted the motion the same day, extending the Phase I discovery period to August 7, 2020, and the class certification motion deadline to October 9, 2020.[22]

After responding to the motions to dismiss,[23] on May 12, 2020 Plaintiffs filed a motion for leave to file a Fourth Amended Complaint, stating they wished to "correct an error in paragraph 19, incorporate facts showing that CAFA and KTCA have been met,

---

[18] *Id.* at 2-3.
[19] *See* ECF No. 89.
[20] *See* ECF Nos. 91, 93, 95, 101.
[21] *See* ECF No. 97.
[22] ECF No. 98.
[23] Plaintiffs filed responses and amended responses to the four motions to dismiss that had been filed on March 31, 2020, before moving to further amend their complaint, and Plaintiffs responded to Nickell Properties' later-filed motion after moving to further amend.

delineate a potential southern boundary, include facts concerning drainage from BNSF's property onto Plaintiffs' property, and inter alia, incorporate facts regarding the pumps owned and/or operated by Defendant UG."[24]  Four Defendants opposed the motion, variously arguing failure to show good cause to seek to amend the Scheduling Order out of time, failure to cure the alleged deficiencies of the Third Amended Complaint, and futility.[25]

On June 25, 2020, Judge Lungstrum issued a Memorandum and Order that ruled on the motions to dismiss and Plaintiffs' motion for leave to file their Fourth Amended Complaint.[26]  Turning first to the motion to amend, Judge Lungstrum noted because the January 7, 2020 deadline for amending pleadings had already passed, Plaintiffs were also required to satisfy Federal Rule of Civil Procedure 16(b)(4), which provides "[a] schedule may be modified only for good cause and with the judge's consent."[27]  Judge Lungstrum found good cause existed because of the unique circumstances Plaintiffs' counsel faced when the early stages of the Covid-19 pandemic significantly undermined his ability to work as he drafted and filed the Third Amended Complaint. In addition, Judge Lungstrum noted the Third Amended Complaint was the first to draw substantive motions to dismiss, such that the proposed Fourth Amended Complaint represented the first real opportunity Plaintiffs had to address the substantive deficiencies highlighted by

---

[24] ECF No. 115 at 1-2.
[25] *See* ECF Nos. 121 (Nickell Properties and Terminal Consolidation), 122 (BNSF), 123 (Unified Government).
[26] *See* ECF No. 127.
[27] *Id.* at 3.

Defendants in their motions to dismiss.[28] Judge Lungstrum then applied Federal Rule of Civil Procedure 15 analysis and rejected the argument that he should deny amendment based on undue delay, citing circumstances caused by Covid-19. He likewise found the amendment was not futile, and in response to the Unified Government's claim of prejudice that its motion to dismiss the operative complaint would be rendered moot and cause additional work, Judge Lungstrum indicated the motion would not be moot because he would be applying the arguments in Defendants' motions to dismiss to the proposed Fourth Amended Complaint.[29]

Although Judge Lungstrum granted Plaintiffs leave to amend, he imposed restrictions on the new complaint. "The amended complaint must remove Defendants Terminal Consolidation Company and Nickell Properties, LLC as named Defendants in the case. Moreover, the amended complaint must remove all claims that the court hereby dismisses against the Unified Government and BNSF."[30] "[P]laintiffs are prohibited from including any new allegations in th[e] amended complaint."[31]

On July 16, 2020, the undersigned conducted a telephone conference with the parties and entered the Second Amended Phase I Scheduling Order which includes (1) an extension until October 30, 2020 of the Phase I discovery deadline, and (2) an extension until January 15, 2021 of Plaintiffs' deadline to file their motion for class certification.[32]

---

[28] *Id.* at 4.
[29] *Id.* at 4-5.
[30] *Id.* n.1.
[31] *Id.* at 5.
[32] *See* ECF No. 139.

The order concludes with the cautionary note that " [a]s discussed during the hearing, the Court is unlikely to extend these deadlines further absent extraordinary circumstances."

On July 17, 2020, Plaintiffs filed their Fourth Amended Complaint.[33]  No Defendant moved to dismiss the complaint. Although Plaintiffs later filed a motion to extend discovery,[34] they withdrew the motion and stated their desire to maintain the deadlines in the Second Amended Phase I Scheduling Order.[35]

Plaintiffs first served discovery in this case in August 2020, sixteen months after filing their complaint. They served interrogatories and requests for production of documents on the Unified Government, Amino Bros., BNSF, and Miles Leasing, and served requests for admissions on Miles Leasing.[36]  On September 25, 2020, Plaintiffs served additional document requests on BNSF and the Unified Government.[37]  Plaintiffs noticed nine depositions to be taken between September 29, 2020 and December 8, 2020, with the last two taken by agreement after the close of discovery.[38]  Defendants responded to Plaintiffs' written discovery. Plaintiffs filed no motions to compel compliance or otherwise sought the Court's assistance in resolving any dispute regarding Defendants' discovery responses. Likewise, BNSF noticed and Defendants took the deposition of each named Plaintiff in July and August 2020, and Defendants served

---

[33] *See* ECF No. 140. This is the first time N.N. appeared as a Plaintiff.
[34] *See* ECF No. 195.
[35] *See* ECF No. 203.
[36] *See* ECF Nos. 154, 155.
[37] *See* ECF No. 177.
[38] *See* ECF Nos. 175, 168, 184, 185, 186, 189, 190, 200, 204. BNSF filed objections to the depositions of Destry Gibson and Chris Hawk, and the record does not reflect whether those depositions occurred. *See* ECF Nos. 188, 192.

various types of paper discovery and issued third-party records subpoenas during the period April to October 2020.[39]  Again, no Defendant filed a motion to compel or requested the Court's assistance in resolving a discovery dispute.

Plaintiffs filed the instant motions on January 15, 2021, and concomitantly filed their motion for class certification.[40]  Plaintiffs seek a substantial revision to their operative class action complaint. Specifically, Plaintiffs seek to (1) "switch out" several Plaintiffs, dismissing Ashley Negrete and N.N. (a minor) and adding Michael Schaeffer and Ann Brandau-Murguia; (2) add six new Defendants; (3) expand the class definition geographically and create two subclasses—a "West" subclass and an "East" subclass (with the "East" subclass represented by a new Plaintiff); (4) add several new allegations and theories; (5) add two new causes of action (Count V for breach of contract and Count VI for violation of the Kansas Consumer Protection Act); and (6) resurrect a claim against BNSF for inverse condemnation that Judge Lungstrum previously dismissed.

### Motion to Amend

### Standard for Ruling on a Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading once as a matter of course within 21 days after serving it or before a

---

[39] *See* ECF Nos. 106, 107, 124, 128, 129, 132, 135, 145, 148, 149, 150, 151, 178. BNSF had originally noticed the depositions of Plaintiffs Leticia Macias and Elizabeth Magana Zamora to be taken in February 2020, first set for February 5 and 6 and then moved to February 24 and 25. *See* ECF Nos. 70, 74, 81, 84.

[40] *See* ECF No. 206. On February 27, 2021, Plaintiffs filed an Amended Motion to Certify Class, explaining that it is intended to conform to the ruling denying the motion to amend the Court announced during the February 18 hearing and memorialized in this Memorandum and Order.

responsive pleading is served.[41]  Subsequent amendments are allowed only by leave of

court or by written consent of the adverse party.[42]  The court should "freely give leave [to

amend] when justice so requires,"[43]  and the Supreme Court has emphasized that "this

mandate is to be heeded."[44]  The court is to consider a number of factors in deciding

whether to allow an amendment, including timeliness, prejudice to the other party, bad

faith, and futility of amendment.[45]  A proposed amendment is futile if the amended

complaint would be subject to dismissal.[46]  The purpose of Rule 15(a) "is to provide

litigants the maximum opportunity for each claim to be decided on its merits rather than

on procedural niceties."[47]

When the deadline for amending pleadings set in the scheduling order has passed,

as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4)

provides that a scheduling order "may be modified only for good cause and with the

judge's consent."[48]

A court will apply a two-step analysis based on both Rule 16(b) and Rule 15(a)

---

[41] Fed. R. Civ. P. 15(a)(1).

[42] Fed. R. Civ. P. 15(a)(2).

[43] *Id.*

[44] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[45] *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman*, 371 U.S. at 182).

[46] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[47] *Minter*, 451 F.3d 1196 at 1204 (internal citation omitted).

[48] Fed. R. Civ. P. 16(b)(4).   In addition, the Phase I Scheduling Order (ECF No. 56) states that the schedule "will not be modified except by leave of court upon a showing of good cause." The Amended Phase I Scheduling Order (ECF No. 98) includes a finding of good cause to amend, and the Second Amended Phase I Scheduling Order (ECF No. 139) cautions that "the Court is unlikely to extend these deadlines further absent extraordinary circumstances."

when faced with a request to amend a complaint past the scheduling order deadline.[49]  In other words, the court will first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) to justify allowing the untimely motion. Only after determining good cause has been established will the court proceed to determine if movant has satisfied the more lenient Rule 15(a) standard.[50]

To establish good cause under Rule 16(b)(4), the moving party must show the deadline could not have been met even if it had acted with due diligence.[51]  The lack of prejudice to the nonmovant does not show good cause.[52]  A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[53]

## Analysis

The Court begins by examining whether Plaintiffs have met the good cause burden to amend the operative Scheduling Order in this case.

### A.    Rule 16(b)(4)

Plaintiffs' motion makes no mention of good cause, nor does it acknowledge Rule 16 applies. Indeed, during the motion hearing, Plaintiffs' counsel sidestepped the issue

---

[49] *See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group,* No. 12-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. March 13, 2003).

[50] *See Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *6 (D. Kan. Sept. 10, 2007) (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)).

[51] *Id.* at *5.

[52] *Lone Star Steakhouse*, 2003 WL 21659663, at *2.

[53] *Ingle v. Dryer*, No. 07-cv-00438-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. April 11, 2008).

and argued the standard to be applied is simply that leave should be freely given. He

further argued if good cause is required, Plaintiffs met the requirement by demonstrating

the proposed Fifth Amended Complaint is a result of new information Plaintiffs learned

through depositions and other discovery. Certainly the discovery of new information *may*

support a finding of good cause to amend a scheduling order,[54] but Plaintiffs bear the

burden to demonstrate good cause, and in their motion Plaintiffs neither identified the

newly learned information nor described when and how they learned of it.

In its response to the motion, BNSF denies Plaintiffs have demonstrated diligence

in seeking to amend, or the proposed additions to the complaint are new information first

learned in class discovery. For instance, BNSF points out in their depositions, two named

Plaintiffs spoke of Ann Brandau-Murguia attending meetings and making statements

about the flood. Ms. Brandau-Murguia was identified as a person with knowledge in

Plaintiffs' Rule 26 initial disclosures,[55] and in the designation of experts Plaintiffs later

withdrew, she was named as an expert.[56] Her identity is not newly-discovered, BNSF

contends. Conversely, as the Unified Government notes in its response, newly-added

Plaintiff Michael Schaeffer has never been included in any of Plaintiffs' Rule 26

---

[54] *See* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment ("Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.").

[55] *See* ECF No. 61-3.

[56] *See* ECF No. 170. The subject matter of her expected testimony was described as follows: "Mrs. Brandau-Murguia is expected to testify regarding her experience serving with the UG Board of County Commissioners, the actions taken on behalf of the UG to remediate the damages caused to the homes in Argentine as a result of the flooding at issue in this action, and her efforts to assist Argentine with remediation, and general knowledge of how the UG operates."

disclosures,[57] nor have Plaintiffs explained why he wasn't previously named as a class representative or why he should be named as one now.

The Unified Government also argues Plaintiffs cannot point to newly-learned information as the basis to assert claims for breach of contract and violation of the Kansas Consumer Protection Act, nor do Plaintiffs demonstrate why they could not have asserted those claims in earlier versions of their complaint. Finally, the Unified Government echoes BNSF's argument concerning Ms. Brandau-Murguia, adding Plaintiffs failed to demonstrate why they could not have earlier proposed the East sub-class in light of the description of Ms. Brandau-Murguia's knowledge as identified in their January 29, 2020 Second Amended Rule 26 Disclosures.

During the motion hearing, the Court gave Plaintiffs the opportunity to address the Rule 16 standard in spite of failing to include it in their motion. In response to the Court questioning why Plaintiffs had not brought the motion earlier when counsel indicated he would do so as early as July 2020, counsel portrayed his understanding of the case as incrementally evolving through the depositions taken and documents produced, and finally through an expert witness who first began working on the case in October 2020. He resisted filing the motion each time he learned a new fact, instead deliberately waiting until he filed the motion for class certification so the proposed Fifth Amended Complaint would include all relevant information learned through class discovery. Counsel denied

---

[57] Plaintiffs' subsequent Rule 26 disclosures are found at ECF Nos. 86-1 and 86-2.

seeking delay, but ultimately conceded delay may be the practical reality of his belated motion.

Although counsel's tactical means of trying to achieve the strategic goal of fully presenting his clients' claims have not been a model of diligence, the Court wished to avoid prejudicing Plaintiffs for their counsel's conduct and concluded the appropriate result was to find good cause under Rule 16. The Court credited Plaintiffs for counsel's explanation of when he sufficiently learned what he thought necessary to prepare the final version of the class action complaint, and on that basis the Court was willing to make a finding that Plaintiffs had satisfied the standards of Rule 16. But the question posed by Rule 16 is whether good cause exists to belatedly seek to amend the Scheduling Order; the question is *not* whether good cause exists to add new allegations, parties, or counts to the complaint. That is the subject of the Court's examination of the requirements of Rule 15.

### B.      Rule 15

Plaintiffs' motion contains a single conclusory statement regarding their entitlement to amend their complaint under the requirements of Rule 15: "Neither parties [sic] will be prejudiced by the Court granting Plaintiffs' Motion for Leave to File their Fifth Amended Complaint, however the Plaintiffs will be substantially prejudiced if leave is not granted."[58] Defendants argue the motion should be denied on the grounds that it is untimely, Defendants would suffer undue prejudice if the complaint is amended after

---

[58] ECF No. 208 at 2.

class discovery has closed, and it is futile. The Court first addresses timeliness.

> Lateness itself does not justify denial of the amendment, but "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." The longer the delay the more likely the delay will impose burdens on the opponent and the court, thus providing a sufficient reason for the court to withhold permission to amend. The court must focus primarily on the reasons for the delay. Denial of leave to amend is appropriate where the plaintiff has no adequate explanation for the delay.[59]

The issue of timeliness overlaps with the diligence component of Rule 16 analysis. As BNSF point out in its brief, as early as July 2020 and repeatedly over the following months, Plaintiffs' counsel stated that he would be amending his complaint without ever providing detail.[60]   He certainly gave no indication that the proposed pleading would add new Plaintiffs, new Defendants, and new causes of action. As it turns out, counsel waited until mid-January 2021 to file the motion. The proposed Fifth Amended Complaint reveals only *what* is newly asserted and *who* is a newly named Plaintiff or Defendant. Neither the motion nor the proposed Fifth Amended Complaint reveal *when* Plaintiffs learned facts to support newly asserted claims, on behalf of new Plaintiffs, and against new Defendants and, the Unified Government asserts, Plaintiffs' newly-asserted claims for breach of contract and violation of the KCPA are based on facts Plaintiffs were aware

---

[59] *In re Urethane Antitrust Litig*., 04-MD-1616-JWL, 2007 WL 1424327, at *3 (D. Kan. May 14, 2007) (quoting and citing *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1205 (10th Cir.2006)). The Court recognizes that timeliness under Rule 15 is generally viewed under a more lenient standard than the good cause standard of Rule 16. But timeliness and prejudice are closely intertwined in this case, which makes it necessary to separately scrutinize the timeliness element for the dramatic proposed changes to the class action complaint.
[60] *See* ECF No. 218 at 11.

of at least as early as when they filed their Fourth Amended Complaint.[61] When Judge Lungstrum permitted Plaintiffs to file their Fourth Amended Complaint, he limited the amendment to conform the pleading with his ruling on motions to dismiss. He prohibited new allegations.[62] Plaintiffs complied with his directive, as evidenced by the absence of a new round of motions to dismiss in response to the Fourth Amended Complaint. If new allegations would not have been timely eight months ago, how can they be timely when asserted now? The answer is they are not.

Neither have Plaintiffs explained what new facts they learned that caused them to belatedly seek to add Ann Brandau-Murguia and Michael Schaeffer as Plaintiffs, or to add six new Defendants. Their motion is silent on the issue, and counsel offered no additional information during the motion hearing. Likewise, neither in the motion nor during the hearing did Plaintiffs explain what new facts lead them to add new causes of action. From reading the proposed Fifth Amended Complaint, it appears Plaintiffs have not alleged any new facts in new Counts V and VI, but instead are attempting to add these causes of action based on facts previously alleged in the Fourth Amended Complaint. Plaintiffs have made no attempt to demonstrate additional parties or counts are timely asserted.[63]

---

[61] *See* ECF No. 220 at 8-9.

[62] "[P]laintiffs are prohibited from including any new allegations in that amended complaint." ECF No. 127 at 5.

[63] Plaintiffs name BNSF as a Defendant in Count IV for inverse condemnation, but Judge Lungstrum has dismissed that claim against BNSF. *See* ECF No. 127 at 21. During the motion hearing, Plaintiffs orally withdrew any claim contained in the proposed Fifth Amended Complaint that Judge Lungstrum dismissed, saying any such claim was included in error. The error is illustrative of the lack of attention to detail in Plaintiffs' filings.

The Court found the proposed amendment is untimely. The Court also found Defendants would be unduly prejudice by the proposed amendment. Class discovery closed on October 30, 2020. On that date, Plaintiffs moved to extend class discovery.[64] But on November 19, they withdrew the motion and said they wanted to keep the schedule in place and get their class certification motion on file.[65] Now, in the class certification motion they have filed, Plaintiffs make it clear that they intend to conduct more discovery related to class certification – presumably in addition to merits discovery – and announce they will likely seek to amend the motion to certify.[66]  Plaintiffs increasingly leave the impression that they view this case as one with no firm deadlines, where they can unilaterally decide how and when they will proceed with no regard to the impact of their actions on themselves, Defendants, and the Court.

In their motion, Plaintiffs assert in conclusory fashion Defendants will not be prejudiced by amendment. Defendants vigorously disagree, and the Court found prejudice is evident. If amendment were allowed, the Court would be obligated to reopen discovery after the new Defendants had been served and had filed their responsive pleadings. Additional discovery would mean more costs and further delay. New motions to dismiss would be likely, not only from the new Defendants but from the current ones

---

[64] ECF No. 195.

[65] *See* ECF No. 203.

[66] "It is clear . . . that Defendants are in possession of all the information relevant to the factual and legal bases for class certification and that discovery will likely be necessary before the Court can rule on this motion. Plaintiffs therefore reserve the right to supplement this motion after conducting discovery related to the Class." ECF No. 206 at 5 n.1. It appears Plaintiffs did not await class discovery, as they already filed their amended motion for class certification. *See* ECF No. 226.

who argue newly asserted claims and theories are futile because they would be subject to dismissal on motion. And Defendants have had no notice that Plaintiffs were considering adding more named Plaintiffs. Plaintiffs have provided no information about or identified Mr. Schaeffer, and none of Plaintiffs' Rule 26 disclosures list Mr. Schaeffer.

Defendants also argue the motion should be denied on the basis of futility, including statute of limitations bars, failure to state a claim, and inability to add new Defendants under Rule 15 because theirs was not a case of mistaken identity. The Court did not reach the issue of futility, having denied the motion because it is untimely and Defendants would be unduly prejudiced by its allowance.

In their motion, Plaintiffs asserted without elaboration they would be prejudiced by its denial. Although counsel did not address the issue during the motion hearing, the Court expressed its understanding that counsel has been challenged in trying to articulate who and what Plaintiffs believe caused the damages Plaintiffs contend they suffered by flooding on their property. The Court recounted the latitude Plaintiffs have received through liberal rulings that have repeatedly allowed them additional time to articulate their theory of the case. But this motion for leave to amend has moved the target one too many times, and Defendants will not be required to set chase from the starting line. Plaintiffs' Motion for Leave to Amend is denied.

In denying the motion, the Court does not intend to overlook or negate Plaintiffs' decision to dismiss Ashley Negrete and N.N. as named Plaintiffs. The Court will afford Plaintiffs the opportunity to confirm that dismissal of these individuals remains their intention.

## **Motion for Mediation**

Plaintiffs also filed a motion for mediation along with their motions for leave to amend and for class certification, stating through discovery they believe they have outlined liability that may encourage the parties to settle.[67] BNSF and the Unified Government oppose the motion.[68] According to Plaintiffs, mediation at this juncture is called for in the Scheduling Order. That is incorrect, and Plaintiffs' motion is premature. As the Scheduling Order states, "[a] status conference to discuss further scheduling will be promptly set upon the Court's **ruling** on Plaintiffs' motion for class certification. A mediation date will be discussed and set at that status conference."[69] Until it is determined whether a class is certified and if so, how the class is defined and what claims remain, this case will not be in a posture where mediation would be meaningful. The Court will not order the parties to participate in a useless exercise, and the Court denies the motion without prejudice. Plaintiffs may renew the motion or any other party may bring such motion following the District Judge's ruling on class certification.

## **Conclusion**

For the reasons discussed above, the Court finds Plaintiffs have not satisfied the standards for amendment under Federal Rule of Civil Procedure 15(b), and mediation is not warranted at this time.

---

[67] ECF No. 207.
[68] ECF Nos. 219, 221.
[69] ECF No. 56 at 2 (emphasis added).

At the conclusion of the motion hearing, the Unified Government orally moved that any deadline for Defendants to challenge Plaintiffs' Amended Designation of Experts and Disclosure of Expert Testimony[70] be held in abeyance pending the District Judge's ruling on Plaintiffs' motion for class certification. Plaintiffs did not oppose the oral motion. The Court finds it appropriate to suspend the applicable deadlines. Accordingly, Defendants shall serve any objections to Plaintiffs' Amended Designation of Experts and Disclosure of Expert Testimony (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days of the District Judge's ruling on Plaintiffs' Amended Motion to Certify Class.[71]  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections. If a Phase II Scheduling Order is necessary, the Court will address therein the deadline for motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid.702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law.

---

[70] ECF No. 223.
[71] ECF No. 226.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Fifth Amended Complaint (ECF No. 208) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Mediation (ECF No. 207) is **DENIED**.

**IT IS FURTHER ORDERED** that no later than seven (7) days after the date of this order, Plaintiffs shall file an appropriate document dismissing Ashley Negrete and N.N. as parties, or shall file a notice stating that Ashley Negrete and N.N. remain as named Plaintiffs.

**IT IS SO ORDERED.**

Dated this 1st day of March, 2021 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

21